# EXHIBIT 1

7-1019          11:84

Electronically FILED by Superior Court of California, County of Los Angeles on 07/01/2019 07:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
19STCV23170

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, N.A.; SYNCHRONY BANK, N.A.; GEMINI
TRUST COMPANY, LLC; and DOES 1 – 100 Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES CHEN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles County Superior Court<br><br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**19STCV23170** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Vahe Khojayan, KG Law, APC, 1010 N. Central Ave, Ste 450, Glendale, CA 91202; Tel: 818-245-1340

| DATE:<br>*(Fecha)* | 07/01/2019 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by _____ , Deputy<br>*(Secretario)*        Romunda Clifton        *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  Bank of America, N.A

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*  7-10-19

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Electronically FILED by Superior Court of California, County of Los Angeles on 07/01/2019 07:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
19STCV23170
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

Vahe Khojayan (SBN 261996)
KG Law, APC
1010 N. Central Ave. Ste 450
Glendale, CA  91202
Tel: (818) 245-1340
Fax: (818) 245-1341
E-mail: vahe@kglawapc.com

Attorneys for Plaintiff JAMES CHEN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

### UNLIMITED JURISDICTION

| | |
|---|---|
| JAMES CHEN,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BANK OF AMERICA, N.A.;<br>SYNCHRONY BANK, N.A.; GEMINI<br>TRUST COMPANY, LLC; and DOES<br>1 – 100 Inclusive.<br><br>          Defendants | Case No.:<br><br>**COMPLAINT**<br><br>1. **Violation of California Commercial Code Section 11201, et. seq.**<br>2. **Violation of California Commercial Code Section 11201, et. seq.**<br>3. **Violation of Electronic Funds Transfer Act 11 U.S.C. Section 1601 et. seq.**<br>4. **Violation of Electronic Funds Transfer Act 11 U.S.C. Section 1601 et. seq.**<br>5. **Violation of Cal. Bus. & Prof Code § 17200, et. seq.** |

Plaintiff alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

1.     Plaintiff **JAMES CHEN**, (hereinafter referred to as "Plaintiff" or "CHEN") is and at all times herein mentioned was, a resident of Los Angeles County, California.

2.     The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

3.     Defendant **BANK OF AMERICA, N.A.** (hereinafter referred to as "BANA") is, and at all times herein mentioned was a national association licensed to do business in California and with locations in Los Angeles County.

4.     Defendant **SYNCHRONY BANK, N.A.** (hereinafter referred to as "SYNCHRONY") is and at all times herein mentioned was a national association licensed to do business in California and Los Angeles County.

5.     Defendant **GEMINI TRUST COMPANY, LLC** (hereinafter referred to as GEMINI) is a New York limited liability company with operations in Los Angeles County, California.

6.     Plaintiff is ignorant to the true names and capacities of the defendants sued herein as DOES 1 through 100 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named defendants is responsible in some manner for the acts or omissions herein alleged, and that Plaintiff's damages alleged herein were approximately caused by these acts and omissions.

COMPLAINT

7.     Plaintiff is informed and believes that and thereon alleges at all times mentioned here, the defendants, and each of them, named and unnamed, were the agents, servants, and employees of their codefendants and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, servants, employees with the permission of their co-defendants.

8.     Plaintiff has at all times relevant to this complaint-maintained certificate of deposit accounts with SYNCHRONY with account numbers ending in 0806 and 1627.

9.     On or about April 1, 2018 CHEN had over $497,000.00 in his SYNCHRONY accounts.

10.   On or about April 1, 2018 CHEN had over $1,900 in his BANA checking account ending in 8873 (BANA Account).

11.   On or about April 5, 2018, CHEN left the United States and traveled to China and Australia.  He returned from his travels on July 9, 2018. His travels included going through the Australian outback where he had no access to his email, and no cell reception.

12.   Plaintiff is informed and believes and, on that basis, alleges that between the time he left to travel abroad and the time he returned unknown individuals stole his identity and accessed his bank accounts with SYNCHRONY and BANA.

13.   On April 11, 2018 CHEN received an email from SYNCHRONY concerning a transfer into his SYNCHRONY account.

14.   CHEN promptly called synchrony and informed the representative on the phone that the transfer was not authorized by him.

15.   On April 12, 2018 CHEN noticed that he was unable to log into his SYNCHRONY online account.  On the same day he called SYNCHRONY and with the help of a representative changed his only account password.

16.   On April 24, 2018, CHEN received another seemingly automated email from SYNCHRONY informing him of an attempted transfer into his

COMPLAINT

SYNCHRONY account. When he attempted to log in to his account, he was unable to do so.

17.   On the same day CHEN called SYNCHRONY and informed them that the incoming transfer was not authorized by him.  He also discovered that there was a new SYNCHRONY savings account opened in his name.

18.   During that telephone call, on April 24, 2018 CHEN told SYNCHRONY to freeze all his account activity, and not to allow any money transfers until his certificate of deposit accounts matured (which he believed was June 30, 2018).

19.   SYNCHRONY failed to honor that request.  After that request was made

20.   Thereafter the perpetrators transferred $497,100 from CHEN's certificate of deposit account ending in 0806 and 1627 to the newly opened savings account ending in 2068.

21.   This transfer of funds from Plaintiff's SYNCHRONY certificate of deposit accounts to the savings account was not made pursuant written plan in which periodic or recurring transfers are contemplated.  In fact, Plaintiff did not have any recurring transfer set up on his certificate of deposit account.  Further, the transfer request was not made for bill payment purposes.

22.   On April 26, 2018, two days after CHEN requested that SYNCHRONY halt any outgoing transfer from his accounts, unauthorized individuals wire transferred $145,000 from CHEN'S SYNCHRONY savings account ending in 2068 to CHEN's BANA account ending in 8873. That wire transfer was processed through Fedwire or through a similar wire transfer system that is used primarily between financial institutions or between businesses.

23.   On or about April 27, 2018, unauthorized individuals transferred $104,000 from CHEN'S SYNCHRONY savings account ending in 2068 to CHEN's BANA account ending in 8873. That wire transfer was processed through Fedwire or through a similar wire transfer system that is used primarily between financial institutions or between businesses.

4

COMPLAINT

24. On or about May 2, 2018 unauthorized individuals transferred $248,000 from CHEN'S SYNCHRONY savings account ending in 2068 to CHEN's BANA account ending in 8873. That wire transfer was processed through Fedwire or through a similar wire transfer system that is used primarily between financial institutions or between businesses.

25. SYNCHRONY did not notify CHEN of these fraudulent wire transfers. No notices concerning these wire transfers were sent to CHEN by SYNCHRONY.

26. This transfer of funds from Plaintiff's SYNCHRONY account to the BANA Account was not made pursuant to a telephone bill payment or other written plan in which periodic or recurring transfers are contemplated. In fact, Plaintiff did not have any recurring transfers set up on their SYNCHRONY account.

27. On April 16, 2018 unauthorized individuals accessed the BANA Account and wire transferred $1,500 to GEMINI. That wire transfer was processed through Fedwire or a similar wire transfer system that is used primarily between financial institutions and businesses.

28. On April 26, 2018 unauthorized individuals accessed the BANA Account and wire transferred $45,000 to GEMINI. That wire transfer was processed through Fedwire or a similar wire transfer system that is used primarily between financial institutions and businesses.

29. On April 27, 2018 unauthorized individuals accessed the BANA Account and wire transferred $98,500 to GEMINI. That wire transfer was processed through Fedwire or a similar wire transfer system that is used primarily between financial institutions and businesses.

30. On May 1, 2018 unauthorized individuals accessed the BANA Account and wire transferred $98,500 to GEMINI. That wire transfer was processed through Fedwire or a similar wire transfer system that is used primarily between financial institutions and businesses.

5

COMPLAINT

31.   On May 7, 2018 unauthorized individuals accessed the BANA Account and wire transferred $98,600 to GEMINI. That wire transfer was processed through Fedwire or a similar wire transfer system that is used primarily between financial institutions and businesses.

32.   On May 9, 2018 unauthorized individuals accessed the BANA Account and wire transferred $94,000 to GEMINI. That wire transfer was processed through Fedwire or a similar wire transfer system that is used primarily between financial institutions and businesses.

33.   On May 10, 2018 unauthorized individuals accessed the BANA Account and wire transferred $63,645.00 to GEMINI. That wire transfer was processed through Fedwire or a similar wire transfer system that is used primarily between financial institutions and businesses.

34.   On or before June 8, 2018 unauthorized individuals opened a BANA credit card in Plaintiff's name with a credit limit of $18,000. The credit card was opened without Plaintiff's consent or authorization.

35.   On June 8, 2018 the perpetrators transferred $18,000 from the credit card to the BANA Account.

36.   On June 12, 2018 unauthorized individuals accessed the BANA Account and wire transferred $18,923.00 to GEMINI. That wire transfer was processed through Fedwire or a similar wire transfer system that is used primarily between financial institutions and businesses.

37.   Plaintiff is informed and believes and, on that basis, allege that said funds were used by perpetrators to purchase cryptocurrency.

38.   Plaintiff is informed and believes and, on that basis, allege that GEMINI knew or should have known that the persons using Plaintiff's funds to purchase cryptocurrency were unauthorized individuals and were not Plaintiff.

COMPLAINT

39.    Plaintiffs are informed and believe that GEMINI should have known that the orders were unauthorized and that the funds used to order were stolen funds.

40.    Plaintiff did not request or authorize the aforementioned wire transfers or transactions.

41.    On June 30, 2018, Plaintiff called SYNCHRONY, as he believed it was the maturity date of his certificate of deposit accounts.  During that call Plaintiff discovered that contrary to his instructions SYNCHRONY had allowed unauthorized individuals to wire transfer $497,000 of his money out of his account.

42.    Plaintiff's attempts to open a fraud claim were unsuccessful, as SYNCHRONY continuously referred Plaintiff to discuss the problem with BANA.  Between June 30, 2018 and July 9, 2018 Plaintiff spoke to SYNCHRONY representatives several times, disputing the transactions, requesting that his funds be returned to him and attempting to start a fraud claim.

43.    SYNCHRONY failed to respond to Plaintiff's requests and failed to properly investigate the aforementioned transactions as fraudulent.

44.    On July 9, 2018 Plaintiff sent a written fraud claim letter to SYNCHRONY, but never received any resolution.

45.    During the June 30, 2018 phone call Plaintiff discovered that the funds from his SYNCHRONY accounts were wire transferred to his BANA Account.  On that same day Plaintiff spoke to BANA and initiated a fraud claim with BANA, disputing the transactions and requesting that his funds be returned.

46.    Thereafter BANA sent forms to Plaintiffs to fill in and return so that BANA can initiate fraud review process. Plaintiffs returned said forms to BANA.

47.    On or about July 12, 2018  BANA responded to Plaintiffs fraud claim and denied the fraud claim claiming that the transactions were authorized by Plaintiffs.

48.    On or about July 13, 2018 Plaintiff reported the fraudulent transaction to the Monetbello Police Department and to the Internet Crime Complaint Center.

7

COMPLAINT

**FIRST CAUSE OF ACTION**
**Violation of California Commercial Code Section 11201, et. seq.**
**(Against Defendants BANA)**

49.     Plaintiffs re-allege and incorporate in this Count paragraphs 1 through 48 as though fully stated herein.

50.     California Uniform Commercial Code Section 11201, et. seq. applies to the transactions subject to this complain because they are wire transfers as defined in Section 11103 of the Commercial Code. Such wire transfers were processed through Fedwire or through a similar wire transfer system that is used primarily between financial institutions or between businesses.

51.     The wire transfers of funds from Plaintiffs BANA Account in the amount of $514,668.000 were unauthorized transfers within the meaning of California Commercial Code.

52.     BANA processed said unauthorized wire transfers without Plaintiff's knowledge or consent.

53.     Plaintiffs notified BANA of the fact that the transfers were unauthorized within statutory period defined in Sections 11505 and 11204 of the Commercial Code.

54.     BANA is obligated to refund said fraudulent wire transfers to Plaintiffs under Section 11204 of the Commercial Code.   BANA failed to do so.

55.     Plaintiff is informed and believes and on that basis alleges that BANA failed to maintain commercially reasonable security procedure to verify the identity of the persons requesting the funds to be transferred.

56.     Plaintiffs are informed and believe and on that basis allege that BANA failed to follow reasonable security procedures to verify that the wire transfer requests were made by Plaintiffs.

57.     BANA's security procedure was not commercially reasonable given the fact that Plaintiffs never have transferred sums similar to the ones in question from his

8

COMPLAINT

1   BANA Account, Plaintiff did not make frequent transfers from the BANA

2   Account and they never made any large wire transfers from his checking accounts.

3   58.    Plaintiffs is informed and believes and on that basis alleges that BANA

4   failed to properly follow reasonable security procedures to identify and

5   authenticate the persons requesting the transactions in question. Plaintiff is

6   informed and believes and on that basis alleges that BANA through its

7   representatives failed to properly authenticate unauthorized individuals, failed to

8   ask authenticating questions to ascertain the identity of the person requesting the

9   transfers at issue.

10  59.    As a result of BANA's failure to adhere to statutory requirements and to

11  reasonable security procedures Plaintiff was damaged in the amount of

12  $514,668.00 plus interest as allowed by law.

13

14  ### SECOND CAUSE OF ACTION

15  **Violation of California Commercial Code Section 11201, et. seq.**
    **(Against Defendants SYNCHRONY)**

16

17  60.    Plaintiffs re-allege and incorporate in this Count paragraphs 1 through 59 as

18  though fully stated herein.

19  61.    California Uniform Commercial Code Section 11201, et. seq. applies to the

20  transactions subject to this complain because they are wire transfers as defined in

21  Section 11103 of the Commercial Code. Such wire transfers were processed

22  through Fedwire or through a similar wire transfer system that is used primarily

23  between financial institutions or between businesses.

24  62.    The wire transfers of funds from Plaintiff's SYNCHRONY accounts in the

25  amount of $497,000 were unauthorized transfers within the meaning of California

26  Commercial Code.

27  63.    SYNCHRONY processed said unauthorized wire transfers from

28  SYNCHRONY Checking Account without Plaintiff's knowledge or consent.

9

COMPLAINT

64.   Plaintiffs notified SYNCHRONY of the fact that the transfers were unauthorized within statutory period defined in Sections 11505 and 11204 of the Commercial Code.

65.   SYNCHRONY is obligated to refund said fraudulent wire transfers to Plaintiffs under Section 11204 of the Commercial Code.   SYNCHRONY failed to do so.

66.   Plaintiff is informed and believes and on that basis alleges that SYNCHRONY failed to maintain commercially reasonable security procedure to verify the identity of the persons requesting the funds to be transferred.

67.   Plaintiffs are informed and believe and on that basis allege that SYNCHRONY failed to follow reasonable security procedures to verify that the wire transfer requests were made by Plaintiffs.

68.   SYNCHRONY'S security procedure was not commercially reasonable given the fact that Plaintiffs never have transferred sums similar to the ones in question from his SYNCHRONY Account, Plaintiff did not make frequent transfers from the SYNCHRONY Account and they never made any large wire transfers from his checking accounts.

69.   Plaintiffs is informed and believes and on that basis alleges that SYNCHRONY failed to properly follow reasonable security procedures to identify and authenticate the persons requesting the transactions in question. Plaintiff is  informed and believes and on that basis alleges that SYNCHRONY through its representatives failed to follow Plaintiff's direct instructions to halt any money transfers from the accounts, failed properly authenticate unauthorized individuals, failed to ask authenticating questions to ascertain the identity of the person requesting the transfers at issue.

70.   As a result of SYNCHRONY'S failure to adhere to statutory requirements and to reasonable security procedures Plaintiff was damaged in the amount of $497,000.00 plus interest as allowed by law.

COMPLAINT

## THIRD CAUSE OF ACTION

### Violation of Electronic Funds Transfer Act 11 U.S.C. Section 1601 et. seq.

### (Against Defendant SYNCHRONY)

71.     Plaintiffs re-allege and incorporate in this Count paragraphs 1 through 70 as though fully stated herein.

72.     Transfers from Plaintiff's SYNCHRONY certificate of deposit accounts were made by electronic funds transfers as such term is defined under Electronic Funds Transfer Act ("EFTA") 15 U.S.C. §§1601, et. al.

73.     EFTA imposes civil liability on any bank which fails to comply with the provisions of EFTA.

74.     EFTA imposes civil liability for any actual damages sustained by such consumer as a result of such failure.  11 U.S.C. 1693m.

75.     EFTA imposes treble liability for damages for failure to properly resolve the error notifications and for failure to recredit consumer's account.  15 U.S.C. § 1693f.

76.     A plaintiff who is successful in bringing an action under EFTA shall also receive costs of the action, together with a reasonable attorney's fee as determined by the Court.  11 U.S.C. § 1693m.

77.     Upon information and belief, SYNCHRONY has failed to comply with EFTA because among other reasons,

    a.      It failed to provide necessary information to Plaintiff concerning terms and conditions of the electronic funds transfers at the time those transfers commenced in violation of 11 U.S.C. § 1693m and regulations promulgated thereunder.

    b.      It improperly granted persons other than Plaintiff access to the account in violation of 11 U.S.C. § 1693i.

11

COMPLAINT

c.      It failed to verify the identity of unauthorized individuals who transferred funds from Plaintiff's SYNCHRONY accounts in violation of 11 U.S.C. § 1693i.

d.      It failed to provisionally recredit Plaintiff's account and failed to investigate in good faith the fraudulent transactions in violation of 15 U.S.C. 1693f,

e.      It willfully and knowingly concluded that the consumer account was not in error when it did not have evidence to reach such conclusion based at the time of its investigation in violation of 15 U.S.C. 1693f.

78.    As a result of these violations Plaintiff has been damaged in the amount of $497,000 that was improperly transferred or withdrawn from his SYNCHRONY accounts.

79.    Plaintiff incurred damages in the amount of $497,000 plus attorney fees and costs incurred in bringing this action.

**FOURTH CAUSE OF ACTION**

**Violation of Electronic Funds Transfer Act 11 U.S.C. Section 1601 et. seq.**

**(Against Defendant BANA)**

80.Plaintiffs re-allege and incorporate in this Count paragraphs 1 through 70 as though fully stated herein.

81.Transfers from Plaintiff's BANA's credit card and checking accounts were made by electronic funds transfers as such term is defined under Electronic Funds Transfer Act ("EFTA") 15 U.S.C. §§1601, et. al.

82.EFTA imposes civil liability on any bank which fails to comply with the provisions of EFTA.

83.EFTA imposes civil liability for any actual damages sustained by such consumer as a result of such failure.  11 U.S.C. 1693m.

12

COMPLAINT

84. EFTA imposes treble liability for damages for failure to properly resolve the error notifications and for failure to recredit consumer's account.  15 U.S.C. § 1693f.

85. A plaintiff who is successful in bringing an action under EFTA shall also receive costs of the action, together with a reasonable attorney's fee as determined by the Court.  11 U.S.C. § 1693m.

86. Upon information and belief, BANA has failed to comply with EFTA because among other reasons,

    a. It failed to provide necessary information to Plaintiff concerning terms and conditions of the electronic funds transfers at the time those transfers commenced in violation of 11 U.S.C. § 1693m and regulations promulgated thereunder.

    b. It improperly granted persons other than Plaintiff access to the account in·violation of 11 U.S.C. § 1693i.

    c. It failed to verify the identity of unauthorized individuals who transferred funds from Plaintiff's BANA accounts in violation of 11 U.S.C. § 1693i.

    d. It failed to provisionally recredit Plaintiff's account and failed to investigate in good faith the fraudulent transactions in violation of 15 U.S.C. 1693f,

    e. It willfully and knowingly concluded that the consumer account was not in error when it did not have evidence to reach such conclusion based at the time of its investigation in violation of 15 U.S.C. 1693f.

87. As a result of these violations Plaintiff has been damaged in the amount of $514,668.00 that was .improperly transferred or withdrawn from his BANA accounts.

88. Plaintiff incurred damages in the amount of $514,668.00 plus attorney fees and costs incurred in bringing this action.

COMPLAINT

## FIFTH CAUSE OF ACTION
### Unfair Business Practices Under Business & Professions Code Section 17200 et. seq.
### (Against Defendant GEMINI)

89.    Plaintiffs re-allege and incorporate in this Count paragraphs 1 through 88 as though fully stated herein.

90.    Sometime between April 16, 2018 and June 12, 2018 GEMINI  received $514,668.00 of Plaintiff's money that was stolen by unidentified individuals.

91.    Said money was transferred to GEMINI to purchase cryptocurrency.  The money was not transferred by Plaintiff and Plaintiff did not authorize the transfer of these funds.

92.    The amount of money transferred in the span of 45 days  should have alerted GEMINI that they were dealing with imposters.

93.    Nevertheless GEMINI ignored these warning signs and allowed the transactions to go forward since it was conducting a major sale in the amount exceeding $514,000.

94.    Based on the facts above GEMINI engaged in unfair business practices by allowing unknown individuals to use Plaintiff's monies.

95.    GEMINI should have known that the individuals claiming to be Plaintiff and using Plaintiff's monies to purchase cryptocurrency were imposters.

96.    GEMINI overlooked these red flags since it was profiting from these transactions.

97.    Based on the facts above, GEMINI engaged in unfair business practices and has thereby acquired money or property rightfully belonging to Plaintiffs by engaging in such unfair business practices, thereby inducing and causing plaintiffs to suffer injury in fact and to lose money or property as a result of such unfair acts, in violation of the Act including but not limited to Business & Professions Code Section 17200.

14

COMPLAINT

98.    Defendant GEMINI committed unfair acts by allowing unauthorized individuals to buy merchandise in the amount of $514,668.00 using Plaintiffs funds and aiding said unauthorized individuals in committing the fraud that they perpetrated.

99.    The unfair acts of failing to respond to suspicious signs greatly damage consumers by depriving them of their hard earned funds and allowing perpetrators to easily launder or liquidate those funds by purchasing cryptocurrency without facing any scrutiny.

100.   The countervailing benefits from not properly scrutinizing purchases of substantial sums of cryptocurrency by GEMINI are de minimis or nonexistent. No consumer benefits from use of fraudulently obtained or stolen funds.  Finally, GEMINI could have avoided substantial consumer injury to Plaintiff had it taken into consideration red flags as delineated above.

101.   Overall GEMINI'S actions amount to unfair practices under Section 17200 et. seq.

102.   As a direct ad proximate result of the above referenced acts of Defendant GEMINI, Plaintiffs sustained injuries in fact and lost money or property as a result of such unfair acts, and are therefore entitled to restitutionary and injunctive relief and any other relief authorized under Section 17200 seq. Seq. of California Business and Professions code.

            Wherefore, Plaintiff prays for judgment against defendants as follows:

            **FOR THE FIRST CAUSE OF ACTION**

1.     For compensatory damages, in the sum of $497,000.00;

2.     For prejudgment interest at the legal rate of 10% per annum

3.     For costs of suit; and

4.     For such other and further relief as the court may deem proper.

            **FOR THE SECOND CAUSE OF ACTION**

5.     For compensatory damages, in the sum of $514,668.00;

COMPLAINT

6.     For prejudgment interest at the legal rate of 10% per annum

7.     For costs of suit; and

8.     For such other and further relief as the court may deem proper.

### FOR THE THIRD CAUSE OF ACTION

9.     For compensatory damages, in the sum of $497,000.00;

10.    For prejudgment interest at the legal rate of 10% per annum

11.    For costs of suit;

12.    For attorney fees,

13.    For treble damages as allowed by law, and

14.    For such other and further relief as the court may deem proper.

### FOR THE FOURTH CAUSE OF ACTION

15.    For compensatory damages, in the sum of $514,668.00;

16.    For prejudgment interest at the legal rate of 10% per annum

17.    For costs of suit;

18.    For attorney fees,

19.    For treble damages as allowed by law, and

20.    For such other and further relief as the court may deem proper.

### FOR THE FIFTH CAUSE OF ACTION

1.     For restitutionary remedies provided for by § 17200 et. seq. of $514,668.00;

2.     For such other and further relief as the court may deem proper.

07/01/2019

Vahe Khojayan

KG Law, APC

Attorneys for Plaintiff

16

COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 07/01/2019 01:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Vahe Khojayan (SBN261996)<br>KG LAW, APC<br>1010 N. Central Ave, Ste 450<br>Glendale, CA 91202<br>  TELEPHONE NO.: 818-245-1340   FAX NO.: 818-245-1341<br>ATTORNEY FOR *(Name):* Plaintiff James Chen | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
  STREET ADDRESS: 111 N. Hill Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Stanley Mosk

CASE NAME:
James Chen v. Bank of America, N.A.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07/01/2019
Vahe Khojayan
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Electronically FILED by Superior Court of California, County of Los Angeles on 07/01/2019 07:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

| SHORT TITLE: James Chen v. Bank of America, N.A. et. al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: James Chen v. Bank of America, N.A. et. al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: James Chen v. Bank of America, N.A. et. al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: James Chen v. Bank of America, N.A. et. al. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br><br> 1725 Appian Way |
|---|---|

| CITY: <br> Montebello | STATE: <br> CA | ZIP CODE: <br> 90640 |
|---|---|---|

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___07/01/2019___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/01/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____Romunda Clifton_____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV23170 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Richard L. Fruin | 15 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/03/2019
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Romunda Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INST... ...TIONS FOR HANDLING UNLIMITED C.... CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| | |
|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

       i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii. Include a brief summary of the dispute and specify the relief requested; and

       iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

       i. Also be filed on the approved form (copy attached);

       ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.     The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                   (INSERT DATE)                (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.     The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.     References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
      (TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
      (TYPE OR PRINT NAME)               (ATTORNEY FOR _____)
Date:

_____          ➤ _____
      (TYPE OR PRINT NAME)               (ATTORNEY FOR _____)
Date:

_____          ➤ _____
      (TYPE OR PRINT NAME)               (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____            _____
                                              JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    Mediation may be appropriate when the parties
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    Mediation may not be appropriate when the parties
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC1

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
Parties may contact these organizations to request a Resource List Mediation for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager, (213) 253-9776 mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager, (833) 476-9145 info@mediationLA.org

**These organizations cannot accept every case and they may decline cases at their discretion.**
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
https://hrcdacs.lacounty.gov/programs/drp/

- Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC2

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) "Bookmark"  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) "Efiling Portal"  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) "Electronic Envelope"  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) "Electronic Filing"  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

   d)  Documents in Related Cases

      Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3)  EXEMPT LITIGANTS

   a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

   b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4)  EXEMPT FILINGS

   a)  The following documents shall not be filed electronically:

      i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

      ii)   Bonds/Undertaking documents;

      iii)  Trial and Evidentiary Hearing Exhibits

      iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

      v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

   b)  Lodgments

      Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

  a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

  b) The table of contents for any filing must be bookmarked.

  c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

  d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)   Depositions;

    ii)  Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii) Supporting Briefs.

  e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

  f) Accompanying Documents

  Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

  g) Multiple Documents

  Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)   Any printed document required pursuant to a Standing or General Order;

      ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii)   Pleadings and motions that include points and authorities;

      iv)   Demurrers;

      v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)   Motions for Summary Judgment/Adjudication; and

      vii)   Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2   For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6   This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019 

11   KEVIN C. BRAZILE
    Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 07/11/2019 11:29 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Vahe Khojayan<br>KG Law, APC<br>1010 N. Central Avenue, Suite 450<br>Glendale, CA 91202<br>TELEPHONE NO.: (818) 245-1340   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  James Chen; | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

| PLAINTIFF/PETITIONER: James Chen;<br><br>DEFENDANT/RESPONDENT: Bank of America, N.A.; et al. | CASE NUMBER:<br>19 STCV 23170 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dept. 15 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):*  See attached POS-020(D)

3. a. Party served *(specify name of party as shown on documents served):*
      Bank of America, N.A.;

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Albert Damonte, agent of CT Corporation.

4. Address where the party was served:
   818 W. Seventh Street, Suite 930 Los Angeles, CA 90017

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 07/10/2019      (2) at *(time):*  11:15 a.m.
   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: James Chen; | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, N.A.; et al. | 19 STCV 23170 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify):*
  c. ☐  as occupant.
  d. ☑  On behalf of *(specify):*  Bank of America, N.A.;
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☑ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                             ☐ other:

7.  **Person who served papers**
  a.  Name: Ken Khalatian
  b.  Address: 1545 N. Verdugo Road, Suite 232 Glendale, CA 91208
  c.  Telephone number:  (818) 241-0521
  d.  **The fee** for service was: $ 50.00
  e.  I am:
    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑  a registered California process server:
      (i)  ☑ owner   ☐ employee   ☐ independent contractor.
      (ii)  Registration No.: 6698
      (iii)  County: Los Angeles, CA

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  07/10/2019

Ken Khalatian
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
                (SIGNATURE )

POS-020(D)

| SHORT TITLE: Chen vs. Bank of America, N.A.; et al. | CASE NUMBER: 19 STCV 23170 |
|---|---|

## ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL (DOCUMENTS SERVED)

*(This Attachment is for use with form POS-020)*

**The documents that were personally served are as follows *(describe each document specifically):***

Summons

Complaint

Civil Case Cover Sheet

Civil Case Cover Sheet Addendum & Statement of Location

Notice of Case Assignment

Voluntary Efficient Litigation Stipulations

Alternative Dispute Resolution (ADR) Information Packet

First Amended General Order

Form Approved for Optional Use
Judicial Council of California
POS-020(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL**
**(Documents Served)**

Electronically FILED by Superior Court of California, County of Los Angeles on 07/11/2019 11:29 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Vahe Khojayan<br>KG Law, APC<br>1010 N. Central Avenue, Suite 450<br>Glendale, CA 91202<br>TELEPHONE NO.: (818) 245-1340      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* James Chen; | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

| PLAINTIFF/PETITIONER: James Chen; | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, N.A.; et al. | 19 STCV 23170 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Dept. 15 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* See attached POS-020(D)

3. a. Party served *(specify name of party as shown on documents served):*
      Bank of America, N.A.;

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Albert Damonte, agent of CT Corporation.

4. Address where the party was served:
   818 W. Seventh Street, Suite 930 Los Angeles, CA 90017

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party  (1) on *(date):* 07/10/2019  (2) at *(time):*  11:15 a.m.
   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: James Chen; | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, N.A.; et al. | 19 STCV 23170 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                    (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

        ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify):*  Bank of America, N.A.;
       under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐  416.10 (corporation) | ☑  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| | ☐  other: |

7.  **Person who served papers**
  a.  Name:  Ken Khalatian
  b.  Address: 1545 N. Verdugo Road, Suite 232 Glendale, CA 91208
  c.  Telephone number: (818) 241-0521
  d.  **The fee** for service was: $ 50.00
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☑  a registered California process server:
      (i)  ☑ owner  ☐ employee  ☐ independent contractor.
      (ii)  Registration No.: 6698
      (iii)  County: Los Angeles, CA

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 07/10/2019

Ken Khalatian
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

POS-020(D)

| SHORT TITLE: Chen vs. Bank of America, N.A.; et al. | CASE NUMBER: 19 STCV 23170 |
|---|---|

## ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL (DOCUMENTS SERVED)

*(This Attachment is for use with form POS-020)*

**The documents that were personally served are as follows *(describe each document specifically)*:**

| |
|---|
| Summons |

| |
|---|
| Complaint |

| |
|---|
| Civil Case Cover Sheet |

| |
|---|
| Civil Case Cover Sheet Addendum & Statement of Location |

| |
|---|
| Notice of Case Assignment |

| |
|---|
| Voluntary Efficient Litigation Stipulations |

| |
|---|
| Alternative Dispute Resolution (ADR) Information Packet |

| |
|---|
| First Amended General Order |

| |
|---|
| |

| |
|---|
| |

| |
|---|
| |

| |
|---|
| |

| |
|---|
| |

Form Approved for Optional Use
Judicial Council of California
POS-020(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL**
**(Documents Served)**

Page 3 of 3

Electronically FILED by Superior Court of California, County of Los Angeles on 07/15/2019 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Gonzalez,Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State, Bar number, and address):<br>**KG LAW APC**<br>**1010 N. Central Ave Ste. 450**<br>**Glendale, CA 91202**<br>   TELEPHONE NO.: **818-245-1340**   FAX NO. (Optional):<br>   E-MAIL ADDRESS (Optional):<br>   ATTORNEY FOR (Name): **JAMES CHEN** | FOR COURT USE ONLY |
|---|---|

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** |
|---|
|    STREET ADDRESS: **111 North Hill Street** |
|    MAILING ADDRESS: **111 North Hill Street** |
|    CITY AND ZIP CODE: **Los Angeles 90012** |
|    BRANCH NAME: **Central District, Stanley Mosk Courthouse** |

| PLAINTIFF/PETITIONER: JAMES CHEN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **BANK OF AMERICA, N.A.; ET AL.** | **19STCV23170** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**19STCV23172** |
|---|---|

**BY FAX**

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of (specify documents):
    **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS**

3.  a.  Party served (specify name of party as shown on documents served):
        **GEMINI TRUST COMPANY, LLC**

    b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) (specify name and relationship to the party named in item 3a ):
        **Michelle Martel, SENIOR MANAGER, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by subject stating their name, a white female approx. 25-35 years of age, 5'6"-5'8" tall, weighing 120-140 lbs with brown hair.  silver glass door, white lobby**

4.  Address where the party was served:
    **315 PARK AVENUE SOUTH, 18TH FLOOR, NEW YORK, NY 10010**

5.  I served the party (check proper box)
    a.  [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): **07/11/2019** at (time): **3:46 PM**

    b.  [ ]  **by substituted service.** On (date):           at (time):           I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ]  I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on (date):           from (city):           or [ ] a declaration of mailing is attached.

        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Code of Civil Procedure. § 417.10

Form Adopted for Mandatory Use
Judicial Council of California POS-
010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Tracking #: **0039690323**

REF: **19STCV23172**



| PLAINTIFF/PETITIONER:  JAMES CHEN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  BANK OF AMERICA, N.A.; ET AL. | 19STCV23170 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*   (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.

   d. ☒ On behalf of *(specify)*  **GEMINI TRUST COMPANY, LLC**

   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**

   a. Name:  **Thomas G Russo**
   b. Address:  **147 Prince St., Suite 4-6, Brooklyn, NY 11201**
   c. Telephone number:  **718-560-1062**
   d. The fee for service was:  **$ 125.00**
   e. I am:

   (1) ☒ not a registered California process server.

   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☐ registered California process server:

      (i) ☐ owner  ☐ employee  ☐ independent contractor.   For:

      (ii) ☐ Registration No.:   Registration #:

      (iii) ☐ County:   County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date:  7/12/19

_____
**Thomas G Russo**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

BY FAX

POS-010 [Rev. January 1, 2007]  **PROOF OF SERVICE OF SUMMONS**

REF: **19STCV23172**   Tracking #: **0039690323**

Electronically FILED by Superior Court of California, County of Los Angeles on 07/11/2019 11:29 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Vahe Khojayan<br>KG Law, APC<br>1010 N. Central Avenue, Suite 450<br>Glendale, CA 91202<br>TELEPHONE NO.: (818) 245-1340     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* James Chen; | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles |
|---|
| STREET ADDRESS:  111 N. Hill Street |
| MAILING ADDRESS:  Same |
| CITY AND ZIP CODE:  Los Angeles, CA 90012 |
| BRANCH NAME:  Stanley Mosk |

| PLAINTIFF/PETITIONER:  James Chen;<br><br>DEFENDANT/RESPONDENT:  Bank of America, N.A.; et al. | CASE NUMBER:<br><br>19 STCV 23170 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br><br>Dept. 15 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):*  See attached POS-020(D)

3. a. Party served *(specify name of party as shown on documents served):*
      Synchrony Bank, N.A.;

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Albert Damonte, agent of CT Corporation.

4. Address where the party was served:
   818 W. Seventh Street, Suite 930 Los Angeles, CA 90017

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 07/10/2019     (2) at *(time):*  11:15 a.m.
   b. ☐ by substituted service. On *(date):*          at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: James Chen; | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, N.A.; et al. | 19 STCV 23170 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):                  (2) from (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☑ On behalf of *(specify):* Synchrony Bank, N.A.;
        under the following Code of Civil Procedure section:

        ☐ 416.10 (corporation)           ☑ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                   ☐ other:

7.  **Person who served papers**
    a. Name: Ken Khalatian
    b. Address: 1545 N. Verdugo Road, Suite 232 Glendale, CA 91208
    c. Telephone number: (818) 241-0521
    d. **The fee** for service was: $ 30.00
    e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ a registered California process server:
            (i) ☑ owner  ☐ employee  ☐ independent contractor.
            (ii) Registration No.: 6698
            (iii) County: Los Angeles, CA

8.  ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 07/10/2019

Ken Khalatian
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE )

POS-020(D)

| SHORT TITLE: Chen vs. Bank of America, N.A.; et al. | CASE NUMBER: 19 STCV 23170 |
|---|---|

## ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL (DOCUMENTS SERVED)

*(This Attachment is for use with form POS-020)*

**The documents that were personally served are as follows** *(describe each document specifically):*

Summons

Complaint

Civil Case Cover Sheet

Civil Case Cover Sheet Addendum & Statement of Location

Notice of Case Assignment

Voluntary Efficient Litigation Stipulations

Alternative Dispute Resolution (ADR) Information Packet

First Amended General Order

Form Approved for Optional Use
Judicial Council of California
POS-020(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL**
**(Documents Served)**

Page  3  of  3