KENNETH S. MILLER (State Bar No. 285297)
ksm@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

AUSTIN B. KENNEY (State Bar No. 242277)
abk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| JAMES CHEN,<br><br>    Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA, N.A.; SYNCHRONY BANK N.A.; GEMINI TRUST COMPANY, LLC; and DOES 1 – 100 Inclusive,<br><br>    Defendants. | Case No. 2:19-cv-06941-MWF-SK<br>Hon. Michael Fitzgerald<br>Ctrm: 5A-First Street<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:   October 21, 2019**<br>**Time:   10:00 a.m.**<br>**Ctrm:   First Street Courthouse, 5A**<br><br>Action Filed:   July 1, 2019<br>Removal Date: August 9, 2019<br>Trial Date:   None Set |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 21, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Michael Fitzgerald in Courtroom 5A of the above-entitled court located at the First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, Defendant BANK OF AMERICA, N.A.  ("Bank of America" or "Defendant") will and hereby does move to dismiss Plaintiff's Complaint and each of its counts.

Defendants bring this motion pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the Complaint fails to allege any claim on which relief may be granted.

The motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the complaint, the records on file in this action, and any further briefs, evidence, authorities, or argument presented at or before the hearing of this motion.

This motion is made following a conference with Plaintiff's counsel pursuant to the Court's standing orders, which occurred on September 5, 2019.  On that date, Defense counsel called and spoke to Plaintiff's counsel regarding Bank of America's intention to file a motion to dismiss based  on the argument that the California Commercial Code Claim is preempted by the EFTA, and that the EFTA claim is time-barred.  An agreement regarding possible amendment to the Complaint was not reached at that time.  This motion followed.

DATED:  September 9, 2019         SEVERSON & WERSON
                                  A Professional Corporation

                                  By:    /s/ Kenneth S. Miller
                                         Kenneth S. Miller

                                  Attorneys for Defendant BANK OF AMERICA, N.A.

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION

Plaintiff James Chen ("Plaintiff") generally alleges that various online banking interfaces were hacked and accessed by an unauthorized user. The hacker allegedly wire-transferred approximately $497,000 from Plaintiff's bank account held at co-Defendant Synchrony Bank, N.A. ("Synchrony") into his Bank of America, N.A. ("BANA" or "Bank of America") account. The hacker then accessed Plaintiff's Bank of America account and wire-transferred the funds out of the BANA account to a bank account controlled by co-Defendant Gemini Trust Co., LLC ("Gemini") for the purchase of cryptocurrency. Additionally, Plaintiff alleges that the hacker transferred $18,000 from a Bank of America credit card to Plaintiff's BANA account, and also had those funds wire-transferred to Gemini for the purchase of cryptocurrency.

Plaintiff has asserted two causes of action against Bank of America based on the foregoing allegations for (1) violation of California's Commercial Code section 11201 (regarding unauthorized wire transfers), and for (2) violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et seq. ("EFTA")  However, both of Plaintiff's claims fail as a matter of law.

First, Plaintiff's California Commercial Code claim fails because it is preempted and displaced by the EFTA. The official comments to section 11108 makes clear that an unauthorized payment order which was fraudulently originated via online banking interface. Here, Plaintiff alleges that his a fraudster gained access to Plaintiff's online banking interface, and thereafter directed the unauthorized transfer of funds into, and then out of, Plaintiff's BANA account. Accordingly, Plaintiff's commercial code claim fails outright as it is preempted by the EFTA.

Second, Plaintiff's EFTA claim fails because it is time-barred. The statute of limitations for an EFTA claim is one year. Here, the majority of Plaintiff's EFTA claims – indeed, all of the claims associated with the accessing and transferring of the actual funds – are time-barred. The actual transfers of money occurred between April 24, 2018, through June 12, 2018. Furthermore, the Complaint makes clear that Plaintiff was actually aware of the transfers as they occurred. Accordingly, Plaintiff was required to bring suit on or before June 12, 2019, regarding any of the allegedly fraudulent money transfers. Plaintiff filed suit on July 1, 2019. Accordingly, all of Plaintiff's EFTA claims associated with the actual transfer of funds are time-barred, and fail as a matter of law.

Finally, Plaintiff's EFTA claims associated with BANA's alleged failure to properly investigate the allegedly fraudulent transfers fails, as Plaintiff has failed to plead sufficient facts to state claim under that provision. Plaintiff's Complaint consists of few factual allegations with respect to Plaintiff's fraud claim and BANA's denial of Plaintiff's claim. Plaintiff merely alleges that Plaintiff submitted a fraud claim on June 30, 2018, that BANA sent various forms to Plaintiff regarding that fraud claim which Plaintiff completed and returned, and that Plaintiff's claim was denied on July 12, 2018. However, Plaintiff does not allege or plead any facts to support his legal theory that BANA failed to investigate Plaintiff's fraud claim in good faith, let alone that BANA willfully and knowingly concluded that the transfers were not in error without cause to so conclude. Plaintiff's allegations that his fraud claim was denied, without any other factual allegation, is insufficient to state a claim under the EFTA.

Accordingly, and for all the foregoing reasons, Plaintiff's claims against BANA should be dismissed as a matter of law.

## II. STANDARD ON MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may challenge the sufficiency of the statement of the claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a Rule 12(b)(6) motion, the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009); see also *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 496 (8th Cir. 2009). It need not, however, "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

In addition to the facts set forth in the complaint, matters that are properly the subject of judicial notice may also be considered when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). In fact, the court can disregard allegations in the complaint if such allegations are contradicted by facts which may be judicially noticed by the court. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1021-22 (9th Cir. 2007). One example would be the court's consideration of matters of public record. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Accepting only the factual allegations set forth in a plaintiff's complaint as true, the court must decide if plaintiff is entitled to some form of legal remedy. *Twombly*, 550 U.S. at 555. Granting a Rule 12(b)(6) motion to dismiss is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); see also *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). A dismissal will also be proper if a complaint is

vague, conclusory and fails to set forth material facts in support of the allegations. *Northstar Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

### III. STATEMENT OF FACTS

Plaintiff's Complaint alleges that during April 2018, a fraudster accessed Plaintiff's online bank accounts at Synchrony and had approximately $497,000 transferred from that Synchrony account to Plaintiff's account with Bank of America, which had approximately $1,900 in it before the transfer. (Compl. ¶¶ 10, 22-24.) The transfers from Plaintiff's Synchrony account to Plaintiff's BANA account occurred between April 26, 2018 and May 2, 2018. (Compl. ¶¶ 22-24.) Plaintiff also alleges that between April 16 and May 10, 2018, the fraudsters accessed Plaintiff's BANA account and transferred approximately $405,745 from the BANA account to an account controlled by Gemini for the purchase of cryptocurrency. (Compl. ¶¶ 27-33, 37.) Plaintiff further alleges that on or about June 8, 2018, the fraudsters accessed Plaintiff's BANA credit card, cash transferred $18,000 from the credit card into the BANA account, and then on June 12, 2018, transferred $18,923 from the BANA account to the account controlled by Gemini. (Compl. ¶¶ 34-36.)

On or about June 30, 2018, Plaintiff contacted Synchrony regarding the transfer of the $497,000 from the Synchrony account. (Compl. ¶ 41.) On or about July 9, 2018, Plaintiff submitted a written fraud claim to Synchrony. (Compl. ¶ 44.)

On June 30, 2018, Plaintiff initiated a fraud claim with BANA. (Compl. ¶ 45.) On or about July 12, 2018, BANA denied Plaintiff's fraud claim. (Compl. ¶ 47.)

Plaintiff filed this lawsuit on July 1, 2019.

### IV. PLAINTIFF'S COMMERCIAL CODE CLAIM IS PREEMPTED BY THE FEDERAL ELECTRONIC FUNDS TRANSFER ACT

Plaintiff's first cause of action against BANA is for violation of California Commercial Code section 11201, et seq. (Compl. ¶¶ 49-59.) Plaintiff's claim fails,

however, because Plaintiff's state law claims are all preempted by the Electronic Funds Transfer Act ("EFTA"). The EFTA specifically preempts state laws that are inconsistent with the provisions of the EFTA. Pursuant to 15 U.S.C. § 1693q:

> This subchapter does not annul, alter, or affect the laws of any State relating to electronic funds transfers, except to the extent that those laws are inconsistent with the provisions of this subchapter, and then only to the extent of the inconsistency. A State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection afforded by this subchapter.

(15 U.S.C. § 1993q; see also *Bank of America v. City and County of San Francisco* (9th Cir. 2002) 309F.3d 551, 565; *Beaver v. Tarsadia Hotels* (S.D.C.A. 2014) 29 F. Supp. 3d 1294, 1305.)

Furthermore, the California Commercial Code specifically provides that it does not apply to funds transfers "any part of which is governed by [the EFTA]." (Cal. Comm. Code § 11108(a).) The comments to the UCC section 4A-108 (California section 11108[1]) make this preemption even clearer. Official comment 2, example 4 provides as follows:

> A person fraudulently originates an unauthorized payment order from a consumer's account through use of an online banking interface. This transaction is an electronic funds transfer as defined in 15 U.S.C. Sec. 1693a(7) and would be governed by EFTA and not Article 4A.

(UCC § 4A-108, cmnt 2, ex. 4.)

This is exactly the fact pattern we have in this case. Plaintiff alleges that a fraudster accessed his various bank accounts via online interface and made the various fraudulent transfers. (Compl. ¶¶ 12, 15-16, 83.) This activity falls within the ambit of the EFTA, and Plaintiff's commercial code claim accordingly fails. BANA's motion to dismiss should accordingly be granted as to this cause of action without leave to amend.

---

[1] California Commercial Code section 11108 is identical to the Uniform Commercial Code section 4A-108.

# V. PLAINTIFF'S EFTA CLAIM FAILS

## A. Plaintiff's EFTA Claim Is Time-Barred

The EFTA imposes a one-year statute of limitations on all claims involving consumer electronic funds transfers. (15 U.S.C. § 1693m(g).) The limitation period begins to run when the cause of action accrues – i.e., on the date the alleged violation occurred. The legal action must be brought within one year of the date of the electronic charge. (See *Singer v. American Airlines Federal Credit Union* (N.D. Cal. 2006) C05-04961 JCS, 2006 WL 3093759 *3.)

Here, Plaintiff alleges that all of the alleged fraudulent electronic transfers occurred on or before June 12, 2018. (Compl. ¶¶ 22-36.) Plaintiff filed suit on July 1, 2019. Accordingly, all of Plaintiff's claims associated with the transfer of the funds themselves are time-barred, and fail as a matter of law.

Furthermore, even if Plaintiff attempted to argue that the delayed discovery rule applied, or that the statute of limitations should be tolled, this argument fails based on Plaintiff's own pleadings. Plaintiff alleges that he was aware of , and had submitted a fraud report to BANA on June 30, 2018. (Compl. ¶ 45.) Plaintiff accordingly admits he had actual knowledge knew of the alleged transfers more than a year before bringing suit. Plaintiff's claim as it relates to the actual funds transfer is accordingly time-barred, and fails as a matter of law, and BANA's motion to dismiss should be granted without leave to amend.

## B. Plaintiff's EFTA Claim Regarding BANA's Investigation Fails

The only transaction that is arguably outside the limitations period is Plaintiff's claim that BANA did not recredit or investigate Plaintiff's fraud claim in good faith, and willfully and knowingly concluded that the transfers were not in error without evidence to reach such a conclusion at the time of the investigation. (Compl. ¶ 86(d), (e).) However, these claims also fail for various reasons.

First, Plaintiff's claim that BANA violated the law by failing to provisionally recredit Plaintiff's account fails, as there is no requirement for BANA to do so under the EFTA. Section 1693f(c) provides that "in lieu of the requirements of subsections (a) and (b) . . . provisionally recredit the consumer's account for the amount alleged to be in error. . . ." 15 U.S.C. § 1693f(c). Subsections (a) and (b) provide that upon notification by the consumer of an error, the financial institution must investigate the alleged error, and provide the consumer the results of such investigation within ten business days, and that, if it determines an error did occur, correct the error. 15 U.S.C. § 1693f(a), (b).

Here, Plaintiff's Complaint admits that BANA conducted an investigation into the alleged error, and provided Plaintiff a response within ten business days, as required by section 1693f(a). Compl. ¶ 45-47. Accordingly, BANA had no obligation to provisionally recredit Plaintiff's account, and Plaintiff's claim accordingly fails.

Second, Plaintiff's allegation that BANA failed to investigate Plaintiff's claim in good faith and knowingly and willfully determined no error occurred without cause to so conclude is unsupported by any factual allegation whatsoever.

It is black-letter law that the Court must accept as true all well-pleaded facts, however, the Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Here, Plaintiff alleges no facts suggesting that BANA failed to investigate Plaintiff's claim in good faith. The only factual allegations regarding the investigation process is that Plaintiff submitted a fraud claim to BANA (Compl. ¶ 45), BANA requested additional forms (Compl. ¶ 46), and BANA denied the claim (Compl. ¶ 47.) There are no factual allegations suggesting BANA failed to investigate the claim in good faith, or that BANA willfully concluded there was no error without evidence to reach such a conclusion. Plaintiff's conclusory statements

to the contrary are insufficient to state a claim without any factual allegations supporting those conclusions. Accordingly, Plaintiff's claim fails, and BANA's motion to dismiss should be granted.

### C. Plaintiff's EFTA Claim Does Not Apply To The Transaction At Issue Here

Finally, to the extend Plaintiff argues or claims that the transfers at issue here are wire transfers only, such transfers do not fall under the purview of the EFTA. The Code of Federal Regulations provides that an electronic funds transfer does not include "wire or other similar transfers. Any transfer of funds through Fedwire or through a similar wire transfer system that is used primarily for transfers between financial institutions or between businesses." 12 C.F.R. § 205.3(c)(3); see Compl. ¶ 22.

While Plaintiff is entitled to plead inconsistent legal theories, he may not plead inconsistent facts. Here, either Plaintiff's EFTA claim is predicated on online computer transfers, or it is predicated on wire transfers. If the former, Plaintiff's EFTA claim is time-barred as discussed above, and if the later, the EFTA does not apply to the transfers at all. In either case, Plaintiff's EFTA claim fails and should be dismissed.

## VI. CONCLUSION

For the foregoing reasons, BANA's motion to dismiss should be granted in its entirety without leave to amend, and judgment entered in favor of BANA.

DATED: September 9, 2019
SEVERSON & WERSON
A Professional Corporation

By:   */s/ Kenneth S. Miller*
      Kenneth S. Miller

Attorneys for Defendant BANK OF AMERICA, N.A.

70001.0569/14990381.1

10

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES